# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**VICTORIA E. MOLINAR,**

    Plaintiff,

vs.                                                            Civ. No. 00-1450 BB/DJS

**LARRY G. MASSANARI, Acting
Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

     **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision filed September 18, 2001. (Docket No. 12). The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is not well taken.

## PROPOSED FINDINGS

### I. PROCEDURAL RECORD

     1.     Plaintiff Victoria E. Molinar filed an application for supplemental security income disability benefits under Title XVI on April 2, 1998 alleging a disability since October 13, 1995 due to a back injury. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on

August 21, 1999. At the hearing, the Plaintiff was represented by her sister, a non-attorney. On October 21, 1999, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. Sec. 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in post-onset substantial gainful activity; the claimant has the following severe impairments: chronic lumbar back pain, probable lumbar radiculopathy and herniated lumbar disk at the L5-S1 level; the severity of the claimant's's impairments do not meet or equal a listed impairment; the claimant's testimony of subjective complaints and functional limitations, including pain, were not supported by the record and thus lacks credibility; the claimant has the residual functional capacity for work at the medium level of exertion; the claimant can perform her past relevant work; and under the Medical-Vocational Guidelines (grids), the claimant has the capacity to perform alternative jobs that exist in significant numbers in the economy. Tr. 12-17.

2. The ALJ entered his decision on October 21, 1999. Thereafter, the Plaintiff filed a request for review. Tr. 8. In September of 2000, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed her complaint for court review of the ALJ's decision on October 17, 2000.

## II. STANDARD OF REVIEW

3. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is

not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

    4. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  Se 42 U.S.C. Sec.423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. Sec. 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

    5. At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limits her ability to do basic work activities and his impairment meet or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404,, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. Secs. 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience.  Id.

    6. In this matter, the ALJ found, at step four, that the Plaintiff was able to perform her past relevant work.  Tr. 16.  However, "since there is a significant period of time between her last employment and the date of the decision, and because of the discrepancy between the claimant's testimony and Exhibit 3E", the ALJ also did a step five analysis.  Id.

### III. DISCUSSION

7. Plaintiff raises six arguments in support of her Motion to Reverse . First, the Plaintiff argues that the ALJ erred in relying on the "grids." Second, the ALJ erred in failing to seek a vocational expert's opnion. Third, the ALJ improperly concluded that the Plaintiff could return to her past relevant work. Fourth, the ALJ erred in failing to do an appropriate analysis of Plaintiff's pain. Fifth, the ALJ failed to give controlling weight to Plaintiff's treating physician. Sixth, the ALJ erred in his credibility determination.

<u>The ALJ's finding that Plaintiff can return to her past relevant work.</u>

8. Plaintiff failed to prove that she is unable to perform her past relevant work. <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989). Plaintiff's past relevant work was as a manager at a kennel and a bathroom cleaner at a KOA campground. The medical records after this accident clearly show that Plaintiff was getting better and conservative treatment helped alleviate her symptoms.

9. Plaintiff asserts that she became disabled after she fell at a medical building after visiting a doctor on October 13, 1995. Tr. 110. Tests reveal that Plaintiff had a free fragment disc herniation at L5-S1. Tr. 113.

10. In January of 1996, Dr. Wershaw noted that Plaintiff was "doing well and is not having near the problems that she had previously since she had her epidural steroid injection." Tr. 116. On February 7, 1996, Dr. Wershaw again noted that Plaintiff's back is feeling better. Tr. 115. She was discharged from his care on February 29, 1996.

11. Dr. McCutcheon examined the Plaintiff on May 21, 1996. At that time Plaintiff was not taking any medications for pain. His examination of her was within normal limits. Tr. 136. He found that she was doing well and would continue to recover. Tr. 137.

12. Dr. Allen performed a consultative examination on August 5, 1998. Plaintiff told him

that she had not received treatment for her back since Dr. McCutcheon's examination two years earlier. Tr. 82. Plaintiff also told Dr. Allen that she could sit for at least thirty minutes, stand at least for an hour and walk two blocks and return. Id. Again, his physical examination of her was within normal limits. He noted there may be some conscious or unconscious symptom magnification. Tr. 84.

13. Plaintiff appears to rely on the records of Dr. Firestone. Dr. Firestone treated the Plaintiff from 1976 to 1991. This is over seven years prior to the adjudicated period. He again treated her in 1999 for back pain Plaintiff had for the past three weeks. Tr. 146. The last treatment notes by Dr. Firestone in the record were on August 7, 1999. At that time she had regained muscle strength, her sensation was intact, and the Babinski sign was equivocal. Tr. 147. Dr. Firestone did not note any restrictions at that time.

The ALJ's use of the grids; pain and credibility analysis.

14. The ALJ determined that the Plaintiff retained the residual functional capacity for medium exertional level work. The ALJ then applied the grids, 203.25 which determines that the Plaintiff is not disabled. Plaintiff argues that the Plaintiff's nonexertional impairments of pain, along with her exertional physical restrictions makes the use of the grids improper.

15. For the relevant time period, April 2, 1998 through October 21, 1999, the record contains two residual functional capacity evaluations. Two state agency physicians reviewed Plaintiff's file in October 1998 and January 1999. Tr. 87-93, 139-145. These assessments demonstrate that the Plaintiff is capable of sitting and/or standing/walking for six hours each and is able to lift up to fifty pounds occasionally. Id. These assessments provide substantial evidence Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2001).

5

16. The treating physician notes are consistent with these assessments. Dr. Wershaw treated the Plaintiff in 1996. At that time he advised Plaintiff to refrain from heavy or strenuous physical activity. Tr. 113. Dr. McCutcheon examined the Plaintiff on May 21, 1996. His notes report that the Plaintiff said she was able to sit for 2 hours and stand thirty to forty minutes before any onset of symptoms. Tr. 135. At the conclusion of his examination, he opioned that Plaintiff's "prognosis for continued spontaneous recovery in this patient is good." Tr. 137.

17. The ALJ found that Plaintiff's subjective complaints of pain were not supported by the record and thus lacked credibility. Tr. 13. When there is no basis for subjective complaints, it is proper to use the grids. Castellano v. Secretary of HHS, 26 F.3d 1027, 1030 (10th Cir. 1994). A review of the ALJ's decision showed that he complied with the relevant case law by going beyond the objective medical evidence and considered other factors. Adams v. Chater, 96 F.2d 712, 714 (10th Cir. 1996). The ALJ thoroughly discussed the evidence of record, citing specific evidence relating to the credibility factors, including Plaintiff's objective medical findings, daily activities, periodic use of medications, and subjective functional limitations. The ALJ analyzed Plaintiff's complaints under Luna and Social Security Ruling 96-7p. Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). The ALJ considered that the Plaintiff herself stated that she felt better when she moved. Tr. 14. Further, the ALJ considered that treatment, including physical therapy, exercising, losing weight and epidural steroid injections, helped the Plaintiff with her pain. Tr. 14. The Court is not permitted, as Plaintiff appears to request, to reweigh the evidence. See Kelly v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

18. The ALJ considered that the record showed that the Plaintiff did not seek regular treatment. Tr. 13, 77-79. Plaintiff argues that she did not seek treatment because she could not

afford medical care. The record shows that Plaintiff applied for and received low or not cost medical care. See SSR 82-90, 20 C.F.R. § 416.930. Tr. 158, 160-66.

Vocational expert.

19. Plaintiff argues that her nonexertional impairments of severe pain required the ALJ to elicit testimony from a vocal expert. As discussed above, the evidence in the record did not support Plaintiff's complaints of severe pain. Thus, vocational expert was not required to testify in this matter. Further, Plaintiff's argument that the ALJ should have questioned the vocational expert regarding Plaintiff's past work is without merit. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992)(when Plaintiff failed to establish he cannot perform his part relevant work, ALJ under no obligation to elicit testimony from vocational expert). Further, the Plaintiff described her duties as a manager of a kennel and as a cleaner at a KOA campground which the ALJ specifically referred to in his decision. Tr. 16.

Medical opinions of Plaintiff's treating physicians.

20. The ALJ must give significant weight to a treating physician's opinion if the evidence supports it. Castellano , 26 F.3d at 1029 ; Social Security Ruling 96-2p. When the ALJ discounts a treating physician's opinion, he must give specific reasons. Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996). In this case, the ALJ did not discount the opinions of Plaintiff's treating physicians. Rather, as discussed above, the findings of these physicians do not support a finding of disability.

**RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did apply the correct legal standards and his decision is supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed September 18, 2001, should be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**